**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION at CINCINNATI**

**Debtor(s) Name  Ronald D. Davis**    _____    **Case No. _12-15645_____**

**Debtor(s) Name  Melissa A. Davis_____**

**CHAPTER 13 PLAN (Form dated DEC.2011)**

**CHOOSE ONE: (X)**

   **X** Debtors are eligible for discharge under Section 1328(f).

_____Debtor(s) are not eligible for discharge under Section 1328(f).

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

**A. MEDIAN INCOME**
**CHOOSE ONE: (X)**

   **X     ABOVE MEDIAN INCOME**

Current monthly income (CMI) minus means test expenses (IRS amounts) = Disposable income (D/I)

D/I (line 59 of the means test)  **$910.02**    TIMES 60 =    **$54,601.20**

**OR**

_____**BELOW MEDIAN INCOME**

**B. PLAN PAYMENT**
The debtor(s) shall pay to the Trustee all projected disposable income in the amount of **$1,325** each month for approximately **60** months, but not to exceed five (5) years.

If the plan is determined to be 'under 36 months' or **above median and 'under 60 months'** the Trustee will serve a notice upon debtor and Counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments or 60 months if above median.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

**C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT**
**CHOOSE ONE: (X)**

_____This is a pot plan.

   **X** This is a percentage plan. The percentage is  **72%**.

If above median:
**'Percentage is  72%   at 60 month plan - but 2 month leeway built in for suspensions/emergencies.'**

The liquidation percentage for this plan is  **0%**   and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greate.

Liquidation percentage per 11 U.S.C. section 1325(a)(4)
(Equity) **$289.51** divided by (unsecured debt)  **$75,003**  equals (Liquidation plan percentage)  **0%**  .

**Pot plan analysis:**
Trustee will pay the creditors the pot plan amount of $_____.
Anticipated pot plan percentage is ____% (See LBR 3015-1(b)(2))

Case will pay $_____ per month for approximately _____ months which equals $ _____.
Unsecured creditors will receive a minimum of ____% pursuant to the liquidation analysis.

Trustee is authorized to increase this pot amount, if necessary, in order to pay all claims as filed or meet the liquidation analysis. The Trustee will serve a notice upon debtor and Counsel and increase the percentage/pot.

**D. PAYROLL DEDUCTION**
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.
Employer is: (Name of Employer)

**R&L Carriers, 600 Gilliam Road, Wilmington, Ohio 45177**

Until the payroll order begins debtors(s) MUST make payments by certified check or money order to:

Office of the Trustee
P.O. Box 290
Memphis, TN 38101-0290

Debtor(s)' full name, case number and address must be on all certified checks or money orders.
If Debtor(s) are employed, Debtor(s)' Counsel has uploaded an Order for payroll with the filing of this Chapter 13.  Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

**2. EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1(c), unless the unencumbered value of the personal property is less than $1,000.

**3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order.  See Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments. Priority claims include the following:

| |
|---|
| 1. |
| 2. |

### 4. ATTORNEY FEES
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then **$250** (suggested amount is $100 to $200) every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

### 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS
Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee.  If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor.

**The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.**

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. Morgan Bank | $500 | $7,239 |
| 2. National Bank & Trust | $500 | $8,712 |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

### 6. SECURED CLAIMS 11 U.S.C. Section 1325 (a)(5)(B)(ii)
Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt determined under applicable non Bankruptcy law or entry of discharge, whichever occurs first.  See  11 U.S.C. Section 1325(a)(5)(B)(i)(I)(aa)(bb).  When either of these conditions has been fulfilled, creditor must release transfer the title to any collateral pursuant to applicable non Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

### 7. CLAIMS TO WHICH 11 U.S.C. Section 506(a) IS NOT APPLICABLE (910/PMSI)

Debtor(s) incurred the following PMSI debt on an automobile for personal use within 910 days of filing or debtor(s) incurred this debt for a PMSI within one year of filing for collateral other than an automobile.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. | | |
| 2. | | |

**8. VALUATION: (Cramdown claims) 11 U.S.C. Section 506**
The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC Section 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. Morgan Bank | $500 | $7,239 |
| 2. National Bank & Trust | $500 | $8,712 |

9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);

A. CHOOSE ONE: (X)

   X   This section is not applicable.

**OR**
_____Debtor(s) _____**(NAME)** is obligated to pay a domestic support obligation.

**B. CHOOSE ALL THAT ARE APPLICABLE: (X)**

_____ Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

_____ Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and the current payroll deduction also includes any arrearage amount.

_____ The Trustee shall make the current disbursement in the amount of **$** _____ monthly.

_____ The Trustee shall pay outstanding support arrears totaling $_____ and the payment on such arrears shall be $_____ monthly.

_____ Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and is current on this obligation.

_____ Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and the direct payment also includes any arrearage amount.

The name, address and phone no. of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

Provide the name, address and phone no. of the **Recipient.**
Name/Recipient_____

Address_____

Phone_____

### 10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"
Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Payment | Amount of Default being Cured | Interest Paid (None OR indicate %) |
|---|---|---|---|
| 1 | | | |
| 2. | | | |

Arrearage claim
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the Plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to debtor(s)' objections thereto).

### 11. MORTGAGE CLAIMS – Post Petition Mortgage Payment Disbursed By Trustee (conduit)
**Regular mortgage payment**
Any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim. See Fed. R. Bankr. P. 3001 and 3002.1 for forms. (Mortgage Proof of Claim Attachment; Notice of Postpetition Mortgage fees, expenses, charges; Notice of Mortgage Payment Change)

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| | | |

Interest should not be paid on this monthly payment.

Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by mortgagee.

### 12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. N/A | | |
| 2. | | |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Payment End Date | Assume/Reject |
|---|---|---|---|---|
| N/A | | | | |

**14.   POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of  5 ½ %.  This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders.  The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

**17. TAX RETURNS AND REFUNDS**
Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18. TRANSFERRED CLAIMS**
If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge.  See Fed. R. Bankr. P. 3001(e)(2).

**19. SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING**
Sale or refinancing of real estate must occur per the Local Bankruptcy Rules.  The Trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**
All insurance proceeds must be turned over to the Trustee unless the debtor(s)' Counsel files a motion to retain proceeds.

**Substitution of Collateral**
If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor, upon motion and order, shall have the option of using the insurance proceeds to either repair the

vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

**21. STUDENT LOANS**
**CHOOSE ONE: (X)**

   **X**   This section is not applicable or no special treatment is contemplated for student loans, which shall be paid the same as other general unsecured creditors pursuant to Paragraph 1(C) of this Plan.

   _____   Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| **Creditor** | **Percentage Paid** | **Rate of Interest (indicate %)** |
|---|---|---|
|  |  |  |

   _____   Student loans are being paid direct by cosigner and shall not be paid through the plan.

| **Creditor** | **Name of Cosigner Paying** |
|---|---|
|  |  |

**22. SURRENDER OF COLLATERAL**
If the Plan provides for surrender of collateral to a secured creditor in paragraph 30 below, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

**23. DISCHARGE - 11 U.S.C. Section 1328**
**CHOOSE ONE: (X)**

   **X**    Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.
**OR**
   _____   Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328)

Debtor(s) filed this case on _____.  Debtor(s) have previously filed a Chapter 7/13 on _____.
(Case no.    )

Unless otherwise provided herein, the Debtor(s) will not be discharged from debts under 11 U.S.C. section 1322(b)(5).

**24. AUTOMATIC STAY:**

__ X __ **Indicate if a motion to extend or impose stay has been filed.**

**CHOOSE ONE: (X)**

_____Stay is in effect as to all property of the estate unless this plan indicates otherwise.

_____11 U.S.C. Section 362(c)(4)(B). PRIOR CASES (more than two) PENDING WITHIN ONE YEAR

_____11 U.S.C. Section 362(c)(3). PRIOR CASE (one) PENDING WITHIN ONE YEAR:

_____11 U.S.C. Section 362(b)(20) in rem relief TWO YEARS after the date of the entry of order

**25. CODEBTORS**
Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified.

| **Creditor** | **Percentage Paid** | **Interest Paid** <br> **(None OR indicate %)** |
|---|---|---|
| **N/A** | | |

**26. DEFAULT AND WAIVER**
Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

**27. MODIFICATION**
After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, debtor(s) must file a motion to modify and attach amended schedules I and J based on income and budget at the time of the filing of the motion, as applicable.

**28. NOTICES**
Notice to all parties shall be made by regular mail or electronically.

**29. CONFIRMATION**
The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. section 521 have been fulfilled or the debtor(s) have requested an order from the Court.

**30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**

    a. **This plan is the standard plan for Cincinnati. If you use it, any deviation therefrom MUST be noted in this Paragraph 30.**
    b. **Additional provisions may also be included here.**

**A.**    **Debtors hereby surrender the real estate located at 10090 Kincaid Road, Leesburg, Ohio 45135. Trustee will not pay on the claims of BMO Harris Bank or GMAC Mortgage for any filed mortgage claims until Creditor files a deficiency claim. The deficiency claim (secured or unsecured) shall be filed no later than 270 days from the date that the within Plan is confirmed/approved by the Court. If the deficiency claim is filed more than 270 days after the date the Plan is confirmed/approved, then it shall be deemed disallowed and shall be discharged upon completion of the Plan and entry of Discharge Order. In addition, the Trustee shall not make further payments on any real estate tax claim as the debt will be satisfied upon sale of the real property._**

_____

**B.**    **Debtors hereby surrender the 2006 Suzuki ATV on which Cari/Suzuki has a lien. Trustee will not pay on the claims of Cari/Suzuki for any lien on the motor vehicle to be surrendered until Creditor files a deficiency claim. The deficiency claim shall be filed no later than 90 days from the date that the within Plan is confirmed/approved by the Court. If the deficiency claim is filed more than 90 days after the date the Plan is confirmed/approved, then it shall be deemed disallowed and shall be discharged upon completion of the Chapter 13 Plan and entry of Discharge Order.**

Respectfully Submitted,

**/s/ Harold Jarnicki**
Harold Jarnicki (#0027595)
Harold Jarnicki and Associates
Attorney for Debtors
576 Mound Court, Suite B
Lebanon, Ohio 45036
Phone (513) 932-5792
Fax (513) 932-5443
jarnickihsd9@earthlink.net

I declare under penalty of perjury that the information in this plan is true and correct.

**/s/ Ronald D. Davis**
Debtor(s)

Date_____    **/s/ Melissa A. Davis**
Debtor(s)